UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

BASHID WHITE,

    Defendant-Movant.
_____/

Case No. 1:18-cr-193-1

HON. JANET T. NEFF

**MEMORANDUM OPINION AND ORDER**

On August 16, 2022, Defendant filed his renewed Emergency Motion to Grant Bail Pending the Outcome of 2255 Motion to Vacate Proceedings (ECF No. 230). On the same day, the undersigned referred the motion to the Magistrate Judge. The Magistrate Judge subsequently issued an order denying the motion (ECF No. 247). Defendant has filed objections to the Magistrate Judge's order (ECF No. 248). For the reasons stated below, Defendant's objections are denied.

Defendant first objects to the Magistrate Judge issuing an order to deny the motion. He contends that the Magistrate Judge "did not have the authority to render a final judgment as to denial of bail without the parties' consent" (*id.* at PageID.1730). Although a magistrate judge has the authority to issue orders pursuant to the Bail Reform Act, 28 U.S.C. § 636(a)(2), the Bail Reform Act does not apply to motions for release pending resolution of a collateral attack of a conviction, *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1995). Defendant appears to be correct that this Court erred in referring the motion to the Magistrate Judge under 28 U.S.C. 636(b)(1)(A). The motion should have been referred under 28 U.S.C. 636(b)(1)(B), which requires

the Magistrate Judge to issue a report and recommendation and the Court conduct a de novo review of any specific objection.

Nonetheless, Defendant's motion still fails on the merits. The Court has the "inherent power" to grant a prisoner release on bond pending disposition of a § 2255 motion. *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986) (quoting *In re Wainwright*, 518 F.2d 173, 174 (5th Cir. 1975) (per curiam) (quotation marks omitted)). "In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May*, 85 S. Ct. 3, 5, (1964) (Douglas, J., in chambers)). "There will be few occasions where a prisoner will meet this standard." *Id.*

In his initial motion, Defendant argues that he has "a high probability of success" on grounds one and three of his § 2255 motion (ECF No. 230 (quoting *Mett*, 41 F.3d at 1282)). In his reply brief, Defendant also addresses several of his other grounds for relief (ECF Nos. 239). In his objections, Defendant states that "at a minimum" grounds one, three, and five, have a high probability of success (ECF No. 248). The Court respectfully disagrees with Defendant at this time. Having reviewed the record, the Court is not convinced that there is a high probability of success on any of the ground for relief in Defendant's § 2255 motion.

Defendant also argues that extraordinary circumstances exist that warrant his release pending the resolution of his § 2255 motion. Although the Court recognizes that Defendant has some serious health issues, the Court agrees with the Magistrate Judge that Defendant "has failed to present evidence to convince the Court that he needs medical treatment that can only be obtained through his release from prison" (ECF No. 247 at PageID.1728). Furthermore, Defendant's simple

desire to spend time with his ailing mother, while wholly understandable, is not exceptional and deserving of special treatment in the interests of justice.

In sum, because Defendant has failed to demonstrate a substantial claim of law based on the facts and that exceptional circumstances exist, his motion for release on bond pending the resolution of his § 2255 motion is denied. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Objections (ECF No. 248) are DENIED.

**IT IS FURTHER ORDERED** that the Magistrate Judge's ruling (ECF No. 247), as modified by this Opinion and Order, is ADOPTED.

**IT IS FURTHER ORDERED** that Defendant's Emergency Motion to Grant Bail Pending the Outcome of 2255 Motion to Vacate Proceedings (ECF No. 230) is DENIED.

Dated: January 3, 2024  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge